UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI ABED,<br><br>         Plaintiff,<br><br>    v.<br><br>HEATHER EMINO, *et al.*,<br><br>         Defendant. | Case No.  2:21-cv-01152-TLN-JDP (PS)<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS CASE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 1<br><br>OBJECTIONS DUE WITHIN 14 DAYS |

**ORDER**

Plaintiff moves to proceed without prepayment of filing fees, ECF No. 2, and his affidavit satisfies the requirements to proceed in such manner, *see* 28 U.S.C. § 1915(a).  The motion, ECF No. 2, is therefore granted.

**FINDINGS AND RECOMMENDATIONS**

This complaint is subject to screening under 28 U.S.C. § 1915(e).  Plaintiff names as defendants Heather Emino, Ruthanne Edginton, James Oakley, and "the rogue State of California."  ECF No. 1 at 2-3.  He brings this complaint as an attempt to revive a lawsuit that he filed in 2018.  *See* ECF No. 1 at 5.  In *Abed v. Amino*, 2:18-cv-01789-TLN-CKD, plaintiff's complaint, alleging that his personal property was taken from him without due process, was

found, at the screening stage, not to state a claim.  Plaintiff was given an opportunity to amend, but instead he voluntarily dismissed his complaint on July 5, 2018.  On June 29, 2021, plaintiff filed the instant case, again alleging that his property was taken without due process.  Specifically, he asserts:

> They took my property and denied me the due process.  I informed everyone by writing they denied me the due process.  I showed the judge which amendments can prevent him from doing what he did, and he lacked impartiality and [did] not allow[] me to speak in court.  Lastly, I cannot change the beneficiary on my life insurance for 5 years after I showed James Oakley that I have been threatened by Ms. Emino that I am a dead man.  I have also been followed by Ms. Emino in 3 different counties and a different state.

ECF No. 1 at 5.

The court must dismiss any action filed in forma pauperis that is frivolous, malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief against a defendant who is immune from suit.  28 U.S.C. § 1915(e)(2)(B).  Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e).  *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'"  *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

A complaint must contain a short and plain statement that plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  The complaint must provide enough facts to state a claim to relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plausibility does not require detailed allegations, but legal conclusions will not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations do not permit the court to infer more than the mere possibility of misconduct, the complaint states no claim.  *Id.* at 679.  A court must dismiss the case if the court determines that the action fails to state a claim on which relief may be granted.  28 U.S.C.

1 § 1915(e)(2)(B)(ii).  The court construes a pro se litigant's complaint liberally.  *Haines v. Kerner*,
2 404 U.S. 519, 520 (1972).

3       To state a claim under 42 U.S.C. § 1983, plaintiff must allege: (1) "the violation of a right
4 secured by the Constitution [or] laws of the United States," and (2) that the violation "was
5 committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

6       Here, plaintiff attempts to re-state claims that he made in his 2018 case.  *See* ECF No. 1 at
7 5.  This suit is therefore duplicative, and plaintiff's complaint is frivolous and subject to dismissal
8 under 28 U.S.C. § 1915(e)(2)(B).  *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir.
9 1995).

10       Separately, plaintiff's complaint, even construed liberally, does not state a claim under 42
11 U.S.C. § 1983.  Plaintiff's allegations are too superficial and conclusory to notify defendants of
12 the misconduct in question.  Plaintiff does not describe any violation of his federal constitutional
13 rights.

14       Additionally, plaintiff cannot bring suit against the named defendants.  Judge James
15 Oakley has absolute judicial immunity from suit.  *In re Castillo*, 297 F.3d 940, 947 (9th Cir.
16 2002).  Plaintiff cannot sue Judge Oakley based on his dissatisfaction with how court proceedings
17 were handled; such claims are barred.  *See id.*  Plaintiff also cannot bring a section 1983 suit
18 against an attorney involved in his prior case when that attorney was not acting under color of
19 state law, and so his claims against attorney Ruthanne Edginton must be dismissed.  *See Polk*
20 *County v. Dodson*, 454 U.S. 312, 317-19 (1981).  And he cannot sue the "rogue State" of
21 California; the Eleventh Amendment grants the states sovereign immunity from suits in federal
22 court.  *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *see Will v. Michigan Dep't*
23 *of State Police*, 491 U.S. 58, 70 (1989) ("[I]t does not follow that if municipalities are persons
24 then so are States.  States are protected by the Eleventh Amendment while municipalities are not .
25 . . ."); *Simmons v. Sacramento Cty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003).

26       As for defendant Heather Emino, who plaintiff alleges threatened and followed him, but
27 about whom he provides little identifying information—plaintiff's allegations against her are
28 insufficient to state a claim.  ECF No. 1 at 2-3, 5.  Although plaintiff seems to be alleging that he

was the victim of this defendant's criminal acts, private citizens can neither bring criminal charges nor compel the government to do so, and "criminal statutes . . . do not give rise to civil liability." *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006). To the extent that plaintiff seeks to bring a state tort claim against defendant Emino, he alleges no basis for federal question jurisdiction, and there is no diversity of citizenship.

     In sum, plaintiff's complaint fails to state a claim and is frivolous. I recommend that this case be dismissed. I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    April 13, 2022                                                     
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE