UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI ABED,<br><br>           Plaintiff,<br><br>    v.<br><br>HEATHER EMINO, *et al.*,<br><br>           Defendants. | Case No. 2:21-cv-01152-TLN-JDP (PC)<br><br>ORDER VACATING THE APRIL 13, 2022 FINDINGS AND RECOMMENDATIONS<br><br>ECF No. 3 |

    Plaintiff Ali Abed brings this action against four defendants, asserting violations of his constitutional rights. On April 13, 2022, I screened plaintiff's complaint, found that it failed to state a claim, and recommended that it be dismissed without leave to amend. Upon further consideration, I find that that plaintiff should be afforded an opportunity to amend his complaint before this action is dismissed. Accordingly, I will vacate the April 13, 2022 findings and recommendations and grant plaintiff an opportunity to file an amended complaint that cures the deficiencies discussed below.

**Screening and Pleading Requirements**

    Plaintiff's complaint is subject to screening under 28 U.S.C. § 1915(e). That statute requires the court to dismiss any action filed by a plaintiff proceeding *in forma pauperis* that is

frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief against a defendant who is immune from suit.  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that defendants Heather Emino, attorney Ruthanne Edginton, Judge James Oakley, and the state of California violated his First, Second, Fifth, and Fourteenth Amendment rights and denied him due process when they took property from him.  ECF No. 1 at 4-5.  Plaintiff does not describe the property taken from him, but he alleges that Judge Oakley prevented him from speaking during a court proceeding.  *Id.* at 5.  Plaintiff additionally alleges that he has been unable to change the beneficiary of his life insurance policy for the past five years, despite showing Judge Oakley that defendant Emino threatened his life and followed him across state and county lines.  *Id.*

1          Plaintiff's complaint cannot proceed past screening. *See* ECF No. 4. As an initial matter,
2  California and Judge Oakley are immune from this suit. *See Ass'n des Eleveurs de Canards et*
3  *d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) ("Plaintiffs are plainly barred by
4  the Eleventh Amendment from suing the State of California in federal court."); *Gregory v.*
5  *Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) ("The general rule . . . is that judges are immune from
6  suit for judicial acts within and even in excess of their jurisdiction even if those acts were done
7  maliciously or corruptly; the only exception to this sweeping cloak of immunity exists for acts
8  done in 'the clear absence of all jurisdiction.'").

9          As for plaintiff's allegation that Emino and attorney Edginton deprived him of his
10 property, it is too vague and conclusory to put these defendants on notice of his claims. Although
11 pro se pleadings are liberally construed, plaintiff still must identify each of the defendants'
12 actions that support his claims. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir.
13 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which
14 defendants engaged in that support the plaintiff's claim."). More fundamentally, the complaint
15 contains no allegations indicating that Edginton and Emino are state actors, which is necessary to
16 state a claim under 42 U.S.C. § 1983. *See Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001).
17 Likewise, the complaint's allegation that Emino threatened him and followed him across state
18 lines is insufficient to apprise the court and Emino of the specific claim plaintiff is attempting to
19 allege.

20         I will allow plaintiff a chance to amend his complaint before recommending that this
21 action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint
22 will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th
23 Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face
24 without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended
25 complaint is filed, the current complaint no longer serves any function. Therefore, in an amended
26 complaint, as in an original complaint, plaintiff will need to assert each claim and allege each
27 defendant's involvement in sufficient detail. The amended complaint should be titled "Amended
28

3

Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. The April 13, 2022 findings and recommendations, ECF No. 3, are vacated.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order will result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated:   December 22, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4